NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

THE UNITED STATES SMALL BUSINESS )
ADMINISTRATION AS RECEIVER FOR )
PENNY LANE PARTNERS, L.P., )

              Plaintiff, )

                            )         Civil Action No. 08-1961 (GEB)
      v. )

                            )        **MEMORANDUM OPINION**

GERALD GOLDBERG, )

             Defendant. )
_____)

**BROWN, Chief Judge**

       This matter comes before the Court upon Defendant Gerald Goldberg's ("Defendant")

Motion to Dismiss due to failure to properly serve and failure to file a copy of the complaint and

order of appointment in the district court and Plaintiff the United States Small Business

Administration as Receiver for Penny Lane Partners L.P.'s ("Plaintiff" or "SBA") Cross-Motion for

Default Judgment.  The Court has reviewed the parties' submissions and decided the motions

without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons that follow,

the Court will deny Defendants' Motion to Dismiss and deny Plaintiff's Motion for Default

Judgment.


## I.      BACKGROUND

       The undersigned appointed Plaintiff on May 16, 2006, as Receiver during the resolution of

the ancillary matter <u>United States v. Penny Lane Partners, L.P.</u>, Civil Action No. 06-1894.  The SBA

filed the instant complaint on April 22, 2008, "as receiver for Penny Lane Partners, L.P." ( "Penny

Lane") against Defendant.  (Docket Entry No. 1.)  On July 16, 2008, Defendant filed a Motion to

Dismiss.  (Docket Entry No. 4.)  Plaintiff filed a cross motion for default judgment on August 20,

2008.  (Docket Entry No. 9.)  The Court's consideration of these motions follows.


II.     **DISCUSSION**

      A.     **MOTION TO DISMISS**

Although Defendant failed to file a brief in support of his motion, he seemingly argues that

he was not properly served, and he states in his motion that dismissal is warranted due to the

"[f]ailure to file copies of the complaint in the district court for each district in which property is

located within [ten] days of being appointed receiver, pursuant to [28 U.S.C. § 754]."  (Docket Entry

No. 4.)  Defendant's attorney also  filed a one-page certification, which states that he certifies that

"there is not proof of service that [the attorney] can find on this matter." (Docket Entry No. 4-2.)

Plaintiff argues that the Court should not consider Defendant's motion because it is

"procedurally defective for failure to comply with the provisions of Local Rule 7.1 and 7.2(a)"

insofar as it "offers no evidence to support his motion to dismiss" and because no brief was filed and

no certification was filed stating that a brief is not necessary.  (Docket Entry No. 8-5 at 7.) Plaintiff

argues that "28 U.S.C. § 754 is inapplicable in this instance, because the statute pertains to property

located outside of the district in which the receivership court sits" and "Defendant . . . is a resident

of New Jersey, the district in which the receivership action took place."  (Docket Entry No. 8-5 at

9.)   Plaintiff also argues pursuant to Federal Rule of Civil Procedure 4(l)(3) that "[f]ailure to prove

service does not affect the validity of service."  (Docket Entry No. 8-5 at 9.) Plaintiff argues that

"Defendant was served on June 12, 2008," that "[t]he Affidavit of Service was filed on July 22,

2008," and that even if the Court determines that service was ineffective, the Court should not

dismiss the matter without first considering "'whether good cause exists for an extension of time'

before dismissing the complaint."  ((Docket Entry No. 8-5 at 12) (citing Petrucelli v. Bohringer &

Ratzinger, 46 F.3d 1298, 1305-06 (3d Cir. 1995)).)  Finally, Plaintiff argues that Defendant's motion

is frivolous, and should be dismissed as a result.  (Docket Entry No. 8-5 at 12.)

       The Court concludes that Defendant's submission to the Court is procedurally defective, that

Plaintiff has not provided adequate argument or support for the arguments that may be gleaned from

his submissions, and that therefore, the Court cannot determine the bases upon which Plaintiff's

motion rests.  Because Plaintiff's Motion to Dismiss has been filed in violation of Local Civil Rules

of Procedure 7.1 and 7.2, the Court will deny the motion.


       B.       MOTION FOR DEFAULT JUDGMENT

       Plaintiff argues that this Court should grant its Motion for Default Judgment because

Defendant failed to timely file his Motion to Dismiss in violation of the twenty-day requirement

pursuant to Federal Rule of Civil Procedure 12(a)(1) and (4).  (Docket Entry No. 8-5 at 14.) Plaintiff

further argues that the Court should conclude that Defendant's Motion to Dismiss is frivolous and

for this reason the Court should not exercise its discretion to extend the time to answer.  ((Id.) (citing

Resolution Trust Corp. v. Ruggiero, 994 F.2d 1221, 1227 (7th Cir. 1993)).)  Plaintiff also argues that

"[c]ourts in other Districts have held that the filing of a motion to dismiss does not extend the time

for filing an answer to an amended complaint, at least in the circumstance where the time for

responding to the original complaint has already run." ((Docket Entry No. 8-5 at 15) (citing Gen. Mills, Inc. v. Kraft Foods Global, Inc., 487 F.3d 1368 (C.A. Minn 2007), decision clarified on rehearing, 495 F.3d 1378 (Fed. Cir. 2007)).)

Defendant failed to file opposition to the Motion for Default Judgment.


### 1.      Standard of Review

Default is governed by Federal Rule of Civil Procedure 55. FED. R. CIV. P. 55.  Rule 55(a) provides, in relevant part, as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).  "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)." Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, No. 07-1522, 250 F.R.D. 171, 177, 2008 U.S. Dist. LEXIS 28324 (D.N.J. April 7, 2008) (citation omitted). "The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Super 8 Motels, Inc. v. Kumar, No. 06-5231, 2008 U.S. Dist. LEXIS 28066 (D.N.J. April 1, 2008) (citing Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1983)).

Before entering default judgment, the court "must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." Doug Brady, 250 F.R.D. at 177 (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir.1987) (stating that "we have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment")). "In

weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." Id. (citing Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867-68 (3d Cir.1984)) .

### 2.    Analysis

According to the Docket, Plaintiff never asked the Clerk of Court to enter default in this action.  The Court therefore cannot enter default judgment under Rule 55(b).  Husain v. Casino Control Comm'n, No. 07-3636, 265 Fed. Appx. 130, 2008 U.S. App. LEXIS 3700, at *4 (3d Cir. Feb. 20. 2008) (stating that "entry of default by the Clerk under Federal Rule of Civil Procedure 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)").  See also Bank of Nova Scotia v. James, No. 2005-08, 2008 U.S. Dist. LEXIS 79240 (V.I. Oct. 8, 2008); Mims v. McCall, No. 06-4551, 2008 U.S. Dist. LEXIS 43092 (D.N.J. June 2, 2008); 10A Charles Alan Wright, Federal Practice and Procedure § 2682 (2007) (stating that "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)").  Although the Court has noted that Defendant failed to timely file his motion to dismiss in lieu of answer, Plaintiff likewise failed to request entry of default.  Default judgment is not appropriate at this time.

As a result, the Court concludes that Plaintiff's Motion for Default Judgment is denied.

### III.    CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion to Dismiss and denies Plaintiff's Motion for Default Judgment.  An appropriate form of Order accompanies this Opinion.

Dated: December 19, 2008

                                                        s/ Garrett E. Brown, Jr.
                                                GARRETT E. BROWN, JR., U.S.D.J.